Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




 Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00003-CR

                                                    __________

 

                                DONNA WOLSEY GUYETT, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                           Ector
County, Texas

 

                                                  Trial
Court Cause No. 06-4094

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury convicted Donna Wolsey Guyett of driving while intoxicated.  Pursuant to
the plea bargain agreement reached after the jury returned its verdict, the trial
court assessed her punishment at confinement for six months.  Following the
terms of the agreement, the trial court suspended the imposition of the
sentence and placed appellant on community supervision for six months.  We
affirm.








In
two issues, appellant challenges the legal and factual sufficiency of the
evidence.   In order to determine if the evidence is legally sufficient, the
appellate court reviews all of the evidence in the light most favorable to the
verdict and determines whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Jackson v. State, 17 S.W.3d 664,
667 (Tex. Crim. App. 2000).  To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006)
(overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000);
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

The
record reflects that at the time of the accident appellant had had three brain
surgeries  and one spinal surgery.  She had a total of seventeen prescription
medicines she took during the day.  The labels on some of these medications
contained a warning against operating heavy machinery or driving a vehicle.

Texas
Department of Public Safety Officer Alejandro Montoya, Jr. testified that he
responded to the accident call.  Appellant was the only occupant of a vehicle
that had been driven through a fence.  Appellant was Avery disoriented, very groggy.@  Officer Montoya stated
that appellant did not appear to be aware of Awhat
was going on@ and Adefinitely did not appear
to be in a condition to be operating a motor vehicle.@  Appellant=s
speech was very slurred, and she fumbled around for her identification. 
Officer Montoya did not smell any alcohol or illegal substances.  Appellant
could not keep her balance and Anearly@ fell into the roadway.








Because
appellant was disoriented, Officer Montoya asked her if she was taking any
medication and if she had taken any prior to the accident.  Appellant could not
recall.  Appellant told Officer Montoya that her medications were listed on her
palm pilot that was in her purse.  Appellant then showed Officer Montoya the
following list: Topamax 100 milligrams, hydrocodone 325 milligrams, Cymbalta 60
milligrams, Geodone 80 milligrams, Lyric 100 milligrams, tizanidine, Allegra
180 milligrams, baclofen 10 milligrams, desmopressin 0.2 milligrams, Adderall
XR 40 milligrams, isosorbide 30 milligrams, meteclopramide 10 milligrams, sulfasalazine
500 milligrams, Nexium 40 milligrams, Ambien 12.5 milligrams, Aricept 10
milligrams, and Miralex 17 milligrams.  Officer Montoya testified that
appellant=s condition,
her failure to recall taking medication that day, and the list she provided him
so alarmed him that he contacted the paramedics so that medical professionals
could attend to her.

At
the scene, Officer Montoya conducted the horizontal gaze nystagmus test and the
walk-and-turn test.  Appellant swayed and had difficulty maintaining her
balance.  While her pupils were the same size, appellant exhibited involuntary
jerking of her eyes.  Officer Montoya decided to take appellant to a Asafe environment@ to conduct the remaining
portions of the field sobriety examination.  The results of appellant=s breath test reflected
that she had not had any alcoholic beverage.

Officer
Montoya stated that appellant told him that she had dropped something and was
reaching for it when the accident occurred.  Officer Montoya further stated
that, while appellant was  a little upset, she was very polite under the
circumstances and answered his questions to the best of her ability.

Phillip
Tally testified that he was a registered nurse and that he examined appellant
at the scene.  Appellant had no injuries or complaints other than that she did
not want to be there.  Tally stated that appellant=s speech was slurred and that she did not have
good motor skills.  Tally also stated that people who were overmedicated exhibit
these same signs.  Tally said that her condition was not consistent with any
possible injuries associated with the type of accident appellant had.

Appellant
testified that she was driving home when a Abobble
head armadillo@ that
she had on the dashboard of her car Avibrated
off.@  When she tried
to catch it, she drove over into the gravel on the side of the road.  She
overcorrected, spun out, and went through the fence.  Appellant stated that the
cause of her accident was trying to catch the Abobble
head armadillo.@

Appellant
described her three brain surgeries and her spinal surgery.  As a result of her
surgeries, her balance was not very good; she was unsteady when she walked; and
she sometimes used a cane.  At the time of the accident, she had seventeen
prescription medications.  At the time of trial sixteen months later, appellant
stated that she was taking only a Apart@ of those medications. 








Appellant
testified that she only took prescription medicine pursuant to her doctors= orders, that she did not
take other people=s
medicines, that she did not buy drugs on the street, and that she did not use
illicit or dangerous drugs.  She stated that, Aonce
in a blue moon,@ she
might drink.  Appellant said that her children were grown and that she lived
with her mother.  She was just two and one-half blocks from her home when she
had the accident. 

Appellant
acknowledged that some of her prescription medicines carried a warning that the
medicine might cause drowsiness and lessen the ability to  drive.  She stated
that she had been on these medications for Amany,
many years@ and that
she was Aacclimated@ to them.  She stated that
neither her doctors nor the Department of Public Safety had told her that she 
could not drive.  She also stated that, when her children still lived at home,
they had had to care for her.

Appellant
argues that there is Aa
complete absence of any evidence regarding the amount, type, and effects of any
medication taken@ and,
therefore, that the evidence is legally insufficient.  Further, appellant
contends that this absence of proof undermines the verdict and reflects a
factual insufficiency of the evidence.

Tex. Penal Code Ann. ' 49.01(Vernon 2003) defines
intoxicated for the purposes of the offense of driving while intoxicated[1]
to mean Anot having
the normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of two
or more of those substances, or any other substance into the body@ or Ahaving an alcohol concentration of 0.08 or
more.@  Just as these
provisions do not require the State to prove the type or amount of alcohol that
resulted in the defendant=s
intoxication, these statutes do not require the State to prove the type or
amount of drug or Aother
substance@ that
resulted in the intoxication.  These statutes only require that the State
establish impairment beyond a reasonable doubt.








The
jury was the finder of fact and was the sole judge of the weight and
credibility of the witnesses=
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  This
court reviews the factfinder=s
weighing of the evidence but cannot substitute our own judgment for that of the
jury.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. 
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  The law requires that
we give due deference to the jury=s
determinations, particularly concerning the weight and credibility of the
evidence, and allows this court authority to disagree with the jury Aonly when the record
clearly indicates such a step is necessary to arrest the occurrence of a
manifest injustice.@  Johnson,
23 S.W.3d at 9.

When
reviewed in the light most favorable to the verdict, the evidence is legally
sufficient to sustain the conviction.  A rational jury could have determined
from Officer Montoya=s
testimony, from Tally=s
testimony, and from appellant=s
own testimony concerning her medications and their effects on her that
appellant did not have the normal use of her mental and physical faculties and
that she committed the offense as defined and alleged.  Likewise, when viewed
in a neutral light, we find neither that the evidence supporting the verdict is
so weak that the verdict is clearly wrong and manifestly unjust nor that the
verdict is against the great weight and preponderance of the conflicting
evidence.  Therefore, under the standards cited above, the evidence is
factually sufficient.  Both issues are overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE 

 

August 14, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Penal Code Ann. ' 49.04 (Vernon 2003).